```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

ROGER DUNFEE,

    Plaintiff,

v.                          Civil Action No. 2:11-00306

GLOBAL CONTACT SERVICES, LLC,
PATTY TOMLIN, Jointly and severally
liable; COURTNEY BROCK-SMITH, Jointly
and severally liable; ASHLEY BARNETT,
Jointly and severally liable; BILLIE JEAN
CALVERT, Jointly and severally liable;
CARRIE LAWRENCE, Jointly and severally
liable; John Does,

    Defendants.

## MEMORDANDUM OPINION AND ORDER

Pending are (1) the motion of Patty Tomlin, Ashley Barnett, Billie Jean Calvert, and Carrie Lawrence ("individual defendants") to dismiss, filed June 21, 2011;[1] and (2) the motion of Global Contact Services, LLC ("Global") to dismiss, filed August 10, 2011.

---

[1] To date, the record indicates that Brock-Smith has not been served.

I.   Background

A.   The Complaint

As an initial matter, the court observes that the complaint fails to set forth plaintiff's legal and factual allegations in an organized and coherent fashion.[2]  Plaintiff's response to defendants' motions is similarly deficient.[3]

---

[2] If a complaint only "vaguely identif[ies] potential legal issues" or "present[s] obscure or extravagant claims defying the most concerted efforts to unravel them," then district courts are not "requir[ed] to conjure up questions never squarely presented to them.  District judges are not mind readers . . . . [T]hey cannot be expected to construct full blown claims from sentence fragments." Beaudett v. Hampton, 775 F.2d 1274, 1276, 1277-78 (4th Cir. 1985).
  Accordingly, plaintiff is strongly cautioned to observe all Federal and Local Rules of Civil Procedure and related conventions with respect to the form and substance of pleadings filed with the court.  Among other things, plaintiff is reminded that claims must be stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  Moreover, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense."  Id.

[3] As defendants correctly observe, plaintiff was also derelict in responding to the motions to dismiss.  The individual defendants moved to dismiss June 21, 2011, and Global filed its motion on August 10, 2011.  Plaintiff filed a single response on September 9, 2011.  The court is uncertain as to which motion plaintiff responded.  In any event, the response is over 60 days late with respect to the individual defendants' motion.  Plaintiff offers no explanation for his failure to respond to the motions timely, within the 14-day requirement set forth by Local Rule 7.1(a)(7), among others.  As a matter of substance, plaintiff's

(contin.)

Nevertheless, the following is a recitation of the facts taken from the complaint as best the court can discern.

Plaintiff Roger Dunfee is a resident of Fayette County, West Virginia, and a former customer management representative at Global. (Compl. ¶¶ 5, 10, 16). Global is a Delaware corporation with its principal place of business in North Carolina and maintains an office in Fayette County, West Virginia. (Id. ¶¶ 6, 11). Defendants Ashley Barnett, Billie Jean Calvert, and Carrie Lawrence are residents of West Virginia. (Id. ¶¶ 7-9). The residency of defendants Patty Tomlin and Courtney Brock-Smith are not pleaded. All individual defendants appear to be former co-workers of plaintiff at Global.

The circumstances of plaintiff's employment and termination are not explained with any measure of detail; however, it is uncontested that Global hired plaintiff on April 14, 2008, and terminated him on June 9, 2009. Plaintiff appears to allege that he was illegally discharged because of his gender and sexual orientation. (Compl. ¶ 20). In so doing, he claims defendants violated 42 U.S.C. § 1981(a), 42 U.S.C. § 1986, and 42 U.S.C. §

---

cursory response cites no applicable legal authority and appears only minimally responsive to defendants' motions.

2000 e-5(f)(3). (Compl. ¶¶ 1-3). Additionally, plaintiff makes further vague statements that seem to allege various causes of action, including intentional infliction of emotional distress, harassment, discrimination, and false light invasion of privacy. (Id. ¶¶ 19-33).

In his prayer for relief, plaintiff requests (1) an order requiring defendant[4] to adopt and disseminate an anti-harassment policy; (2) an order requiring Global and John Does to adopt procedures for investigating and remedying sexual harassment in the workplace; (3) an order reinstating plaintiff to his prior position, but if impracticable, a front pay award of $1,000,000; (4) back pay in the amount of $500,000; (5) compensatory damages for emotional suffering and related medical and therapeutic expenses; (6) punitive damages in the amount of $1,000,000; and, (7) attorneys' fees. (Id. at WHEREFORE clause ¶¶ 1-8). Inasmuch as plaintiff seeks relief pursuant to various federal civil rights statutes, the court possesses federal question jurisdiction.[5]

---

[4] Presumably plaintiff means defendant Global. Throughout his complaint and response, plaintiff does not clearly identify among defendants when stating his allegations.

[5] Plaintiff also asserts that the court maintains diversity jurisdiction over his case. (Compl. ¶¶ 12-14). Because the

(contin.)

A.      Previous Litigation

In a prior action, plaintiff filed a similar complaint against Global on September 2, 2010, in the Circuit Court of Fayette County, West Virginia.  See Dunfee v. Global Contact Services, LLC, No. 2:10-cv-01250, slip op. at 1 (S.D.W. Va. Dec. 13, 2010) (Goodwin, C.J.) ("Dunfee I").  Global removed that action on diversity grounds and filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Id. at 2.  There, the court observed that "[n]either the plaintiff's Complaint, nor the plaintiff's Response to the Defendant's Motion to Dismiss cite any legal authority supporting any specific cause of action."  Id.  Despite this, the court construed the complaint to allege causes of action for harassment, discrimination, retaliatory discharge, wrongful discharge, infliction of emotional distress, invasion of privacy, and breach of contract.  Id. Before proceeding to examine plaintiff's possibility of relief, the court admonished plaintiff and his counsel:

> The plaintiff's Complaint contains general factual
> allegations and cites vague legalese . . . as a basis
> for relief.  The plaintiff has not, however, identified
> any legal basis for his claims and this court cannot
> readily discern what causes of action, if any, the
> plaintiff is actually asserting.  It is not the

---

individual defendants are not diverse to plaintiff, as Mr. Dunfee himself pleads, this assertion is plainly incorrect.

>     responsibility of the court to name the tort. It is the
>     duty of the plaintiff and his attorney to locate legal
>     authority supporting causes of action.

Id. at 4. Following an examination of plaintiff's threadbare allegations, the court dismissed the complaint without prejudice. Id. at 7. The court now turns to the pending motions.

## II. Motions to Dismiss

### A. Governing Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 12(b)(6).

The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other grounds, Twombly, 127 S. Ct. at 1969)); see also Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir.

2007). Additionally, the showing of an "entitlement to relief" amounts to "more than labels and conclusions . . . ." Twombly, 127 S. Ct. at 1965. It is now settled that "a formulaic recitation of the elements of a cause of action will not do." Id.; Giarratano v. Johnson, 521 F.3d 298, 304 (4th Cir. 2008).

The complaint need not, however, "make a case" against a defendant or even "forecast evidence sufficient to prove an element" of the claim. Chao v. Rivendell Woods, Inc., 415 F.3d 342, 349 (4th Cir. 2005) (quoting Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). Instead, the opening pleading need only contain "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." Twombly, 127 S. Ct. at 1965; Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (noting the opening pleading "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Stated another way, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Id. at 1974; Giarratano, 521 F.3d at 302. The recent decision in Iqbal provides some guidance concerning the plausibility requirement:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for

> more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' "

Iqbal, 129 S. Ct. at 1949 (citations omitted).

As noted in Iqbal, the Supreme Court has consistently interpreted the Rule 12(b)(6) standard to require a district court to "'accept as true all of the factual allegations contained in the complaint . . . .'"  Erickson, 127 S. Ct. at 2200 (quoting Twombly, 127 S. Ct. at 1965); see also South Carolina Dept. of Health and Environmental Control v. Commerce and Industry Ins. Co., 372 F.3d 245, 255 (4th Cir. 2004) (quoting Franks v. Ross, 313 F.3d 184, 192 (4th Cir. 2002)).  The court is additionally required to "draw[] all reasonable . . . inferences from those facts in the plaintiff's favor . . . ."  Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

As noted above, plaintiff explicitly alleges defendants violated 42 U.S.C. §§ 1981, 1986, and § 2000e, and appears to

allege various other causes of action. Defendants' motions to dismiss are now ripe for consideration.[6]

B.  Federal Claims

First, defendants seek dismissal of plaintiff's gender discrimination claim under § 1981 on the grounds that § 1981 does not provide for such a claim. The court agrees. Section 1981 prohibits discrimination on the basis of race and does not apply to gender discrimination. 42 U.S.C. § 1981(a); see Runyon v. McCrary, 427 U.S. 160, 167-68 (1976); Cornell v. Gen. Elec. Plastics, 853 F. Supp. 221, 223 (S.D. W. Va. 1994) (citing cases). Plaintiff does not allege racial discrimination played any role in this case. Accordingly, this claim is dismissed.

Second, plaintiff's claims under 42 U.S.C. § 2000e, et seq. also fails. Title VII of the 1964 Civil Rights Act requires that administrative remedies be unsuccessfully pursued before an action may be filed in federal district court. 42 U.S.C. § 2000e-5(e). See Love v. Pullman Co., 404 U.S. 522 (1972); EEOC v. Hansa Products, Inc., 844 F.2d 191, 191-92 (4th Cir. 1988). This prerequisite is intended to ensure that charged parties are made

---

[6] The separately filed motions set forth identical grounds for dismissal.

aware of the alleged violation and to allow the Equal Employment Opportunity Commission ("EEOC") to seek conciliation.  Causey v. Balog, 162 F.3d 795, 800 (4th Cir. 1998).  Only after pursuing an employment discrimination charge with the EEOC may a claimant file a Title VII action in federal district court.  Hansa Products, 844 F.2d at 191-92.  Moreover, "[i]n order to preserve federal rights in West Virginia, a 'deferral' state, a plaintiff must file a complaint with the EEOC within 300 days of the alleged unlawful employment practice."  Haught v. The Louis Berkman, LLC, 377 F. Supp. 2d 543, 552 (N.D. W. Va. 2005) (citing Mohasco Corp. v. Silver, 447 U.S. 807 (1980)).[7]  Here, the record does not indicate that plaintiff filed an administrative charge with the EEOC or the West Virginia Human Rights Commission, let alone one within the limitations period.[8]  Inasmuch as plaintiff failed to comply with

---

[7] "A deferral state is one 'which has a State or local law prohibiting the unlawful employment practice alleged and establishing or authorizing a State or local authority to grant or seek relief from such practice.' 42 U.S.C.A. § 2000e-5(c)." Hansa Products, 844 F.2d at 192, n.1.

[8] As noted, a plaintiff has a maximum of 300 days from the occurrence of an alleged discriminatory event to file a timely charge with the EEOC.  See Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 962 (4th Cir. 1996).  Plaintiff makes no allegations of wrongful conduct beyond that which might have occurred while he was employed by Global.  In view of the date of discharge, June 9, 2009, and construing all other allegations as true, plaintiff's Title VII claims are time-barred.  See U.S.C. § 2000e-5(e)(1).

the statutory prerequisites, and to the extent any claims under 42 U.S.C. § 2000e, et seq. are asserted, these claims are time-barred and must be dismissed.

Finally, plaintiff's claims under 42 U.S.C. § 1986 also cannot succeed. To effectuate a cause of action under § 1986, plaintiff must state a cause of action under 42 U.S.C. § 1985. See Trerice v. Summons, 755 F.2d 1081, 1085 (4th Cir. 1985).[9] Even construing the complaint liberally, plaintiff has not alleged a violation of § 1985.[10] With regard to § 1985(3), the United

---

[9] Section 1986 states:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented . . . .

[10] Subsections 1 and 2 of § 1985 clearly do not apply in this case. For § 1985(3), a plaintiff must allege four elements: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." Trerice, 755 F.2d at 1085 (quoting United Brotherhood of Carpenters and Joiners of America v. Scott, 463 U.S. 825, 828-29 (1983)).

States Supreme Court has stated that "[t]he language requiring intent to deprive of equal protection, or equal privileges and immunities, means there must be some racial or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Griffin v. Breckenridge, 403 U.S. 88, 102 (1971); see also Trerice, 755 F.2d at 1085 ("In construing this requirement neither the Supreme Court nor the Fourth Circuit has identified any classes other than racial or religious classes."). Plaintiff has pleaded no allegations indicating that the events at plaintiff's former workplace were motivated by racial or religious class-based animus.[11]  Because plaintiff has failed to allege a claim pursuant to § 1985, his § 1986 claim must correspondingly fail and is therefore dismissed.

Accordingly, to the extent plaintiff alleges claims under 42 U.S.C. § 1981(a), 42 U.S.C. § 2000e, and 42 U.S.C. § 1986, they are dismissed with prejudice.

C.   State Law Claims

As noted above, plaintiff appears to make further allegations similar to those found in the complaint filed in his

---

[11] The complaint references 42 U.S.C. § 1986 twice without accompanying factual allegations.  (Compl. ¶ 1-2).

prior suit.  See Dunfee I, at 1-7.  The court dismissed the prior complaint for failure to state a claim.  Id. at 7.  Given the pleading deficiencies identified in Dunfee I, the court granted defendant's motion to dismiss without prejudice.  Id. at 4.  Regrettably, plaintiff has failed to heed the guidance of the court in Dunfee I and now supplies a similarly deficient pleading.  Taking a generous view, this court construes the complaint as an attempt to allege state law causes of action for intentional infliction of emotional distress, harassment, discrimination, and false light invasion of privacy -- similar to the causes of action identified by the court in Dunfee I.  Id. at 2.  Even so construed, the complaint, for the reasons that follow, fails to identify any claims that could "plausibly give rise to an entitlement to relief."  Iqbal, 129 S.Ct. 1950.

First, plaintiff appears to claim intentional infliction of emotional distress, which is defined as "one who by extreme or outrageous conduct intentionally or recklessly causes severe emotional distress to another . . . ."  Roth v. DeFeliceCare, Inc., 700 S.E.2d 183, 194 (W. Va. 2010) (quoting Syl. pt. 1, Harless v. First Nat'l Bank in Fairmont, 289 S.E.2d 692 (W. Va. 1982)).  In the employment context, plaintiff must show that an "employee's distress results from the outrageous manner by which

the employer effected the discharge." Id. Beyond vaguely claiming that defendants directed "crude" and "offensive" remarks toward him -- without identifying their content or the connection of those remarks to his employment -- plaintiff alleges no facts indicating outrageous conduct on the part of defendants.

Second, regarding his harassment and discrimination claims, plaintiff again fails to adequately plead the requisite elements of each claim.[12] For that reason, these claims are dismissed.

Plaintiff also appears to allege a false light invasion of privacy claim. His rather obscure allegation reads as follows:

---

[12] See Conrad v. ARA Szabo, 480 S.E.2d 801, 809-12 (W. Va. 1996) (discussing elements of an action for hostile environment sexual harassment).
At times, plaintiff seems to plead that defendants harassed and discriminated against him inasmuch as he is a "man" and "member of a group protected under Title VII from discrimination on the basis of sex." (Compl. ¶ 15). Later in the complaint, plaintiff consistently claims he was harassed based on defendants' subjective beliefs concerning plaintiff's sexual orientation, and not because he was male. (Id. ¶¶ 19-21). Plaintiff never alleges that he himself is a homosexual. Still later, in his response, plaintiff appears to contradict the complaint by arguing that he "was not in a 'protective class'. . . . Our case is different insomuch that no sexual basis was overt but inferred by the employee." (Response at 2). Defendants complain that plaintiff's response is unintelligible and only serves to further muddy the waters first stirred by the complaint. The court agrees.

"Defendant continued to discuss an episode concerning a ring that plaintiff allegedly owned which caused plaintiff to be placed in a false light and made fun of by other employees." (Compl. ¶ 24). The law in this area is well-settled. "Publicity which unreasonably places another in a false light before the public is an actionable invasion of privacy." Syl. pt. 12, Crump v. Beckley Newspapers, Inc., 320 S.E.2d 70, 74 (W. Va. 1984).[13] Moreover, "widespread publicity . . . is an essential ingredient to any false light invasion of privacy claim." Id. at 87-88. Plaintiff does not indicate the scope of the publicity except for the references to "other employees." "It is not an invasion of privacy to communicate the private fact to a single person or a small group of persons." Benson v. AJR, Inc., 599 S.E.2d 747 (W. Va. 2004) (citation omitted).

Plaintiff does not elaborate on the factual allegation underlying plaintiff's false light claim -- namely, that an

---

[13] A false light invasion of privacy occurs if

"(a) the false light in which the other was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed."

Crump, 320 S.E.2d at 88 (quoting Restatement (Second) of Torts § 652E (1977)).

unnamed defendant "discuss[ed] an episode concerning a ring." Vague allegations such as these cannot support a cognizable legal claim for false light invasion of privacy.  Accordingly, this claim is dismissed.

In sum, plaintiff appears to have ignored the directive of the court in Dunfee I by once again failing to allege sufficient allegations paired with factual content that would "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, at 1949.  Inasmuch as these claims are based on unorganized, vague, and wholly inadequate factual and legal allegations, they must be dismissed.  Simply put, plaintiff has not alleged any facts in a legally cognizable or coherent form that provides the court or defendants with notice of his claims or legal grounds for relief.  In view of the fact that given a second opportunity plaintiff failed to correct the deficiencies identified in Dunfee I, all claims are dismissed with prejudice.

### III.   Conclusion

For the foregoing reasons, it is hereby ORDERED as follows:

1) plaintiff's federal claims under 42 U.S.C. § 1981(a), 42 U.S.C. § 1986, and 42 U.S.C. § 2000e are dismissed with prejudice;

2) plaintiff's state law claims for intentional infliction of emotional distress, harassment, discrimination, and false light invasion of privacy are dismissed with prejudice; and

3) this action be, and it hereby is, dismissed and stricken from the docket.

The Clerk is directed to transmit copies of this written opinion and order to all counsel of record and any unrepresented parties.

ENTER: November 14, 2011

John T. Copenhaver, Jr.
United States District Judge